UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESLEY LEROY KAMMERER and DESIRE LYN KAMMERER,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF VANCOUVER, THE CITY OF VANCOUVER POLICE DEPARTMENT; OFFICER DARREN MCSHEA, in his official and private capacity and including any marital community; and OFFICER JOHN DOE NICHOLSON, in his official and private capacity and including any marital community,<br><br>Defendants. | CASE NO. C07-5509BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS |

This matter comes before the Court on the Defendants' Motion for Partial Summary Judgment Dismissal of Plaintiffs' State Law Claims (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendant's Motion for Summary Judgment for the reasons stated herein.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an

ORDER – 1

essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

The instant motion for summary judgement is based on Plaintiffs' alleged failure to comport with RCW 4.96.020(3) when initiating this cause of action against the City of Vancouver. Dkt. 10. Specifically, Plaintiffs are alleged to have failed to indicate their place of residence for a period of six months prior to the time their claims arose. *Id.* at 2. Defendants contend that the proper standard for the Court to apply to Plaintiffs' failure to

ORDER – 2

provide this required information is strict compliance, and therefore Plaintiffs' claims should be dismissed. *Id.* Plaintiffs counter that the appropriate standard is substantial compliance and that Plaintiffs did substantially comply by providing information that could have led the City of Vancouver to understand that Plaintiffs had in fact lived at the address provided on the claim form for more than six months prior to the time their claims arose. Dkt. 16 at 5. Plaintiffs further contend that because they filed their claim using the City of Vancouver's pre-printed claim form and this form did not ask for Plaintiffs' place of residence for the prior six months that they were misled by Defendants and Defendants have therefore waived or are estopped from asserting this lack of information as a defense. *Id.* at 3.

RCW 4.96.020(3) states:

> All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, *and shall contain* the amount of damages claimed, together with *a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose*.

Filing a notice of claim pursuant to RCW 4.96.020 is a condition precedent to the filing of a lawsuit in court against a government entity based on alleged tortious conduct committed by it or its employees. One of the purposes of this statute is to provide government entities time to investigate, evaluate and settle claims. *Medina v. Pub. Utility Dist. No. 1 of Benton County,* 147 Wn.2d 303, 310 (2002) (citing *Daggs v. City of Seattle,* 110 Wn.2d 49, 57 (1988); *Williams v. State*, 76 Wn. App. 237, 248 (1994)). The content requirement of RCW 4.96.020 is to be liberally construed and a substantial compliance standard is to be applied. RCW 4.96.010(1). Courts apply a strict compliance standard to the procedural filing requirements of the statute.; *Burnett v. Tacoma City Light,* 124 Wn. App. 550, 558 (2005) (citing *Hintz v. Kitsap County,* 92 Wn. App. 10, 14 (1998); see also *Medina*, 147 Wn.2d at 310. If a party filing a claim pursuant to RCW 4.96.020 fails to

ORDER – 3

comply with the statute's requirements, the claim should be dismissed. *Burnett,* 124 Wn. App. at 558.

With regard to the requirement of providing a statement of the claimant's residence for a period of six months prior to the time the claim arose, the Court construes this as a substantive requirement to which the substantial compliance standard applies. While the Court is understanding of Plaintiffs' arguments for substantial compliance, the Court is bound by the precedent as established by the Washington Supreme Court in *Brigham v. City of Seattle*, 34 Wn.2d 786 (1949). In *Bringham* the plaintiff filed her claim against the City of Seattle pursuant to nearly identical claim filing provisions. The plaintiff in *Bringham* provided her address but did not indicate that this address was also her residence for the six months prior to the time her claim arose. *Bringham,* 34 Wn.2d at 788. The court in *Bringham,* applying the substantial compliance standard, held that "required information which is totally absent from the claim cannot be supplied by any other method of construction, however liberal." 34 Wn.2d at 789 (citing *Sopchak v. Tacoma,* 189 Wash. 518 (1939).

Plaintiffs assert that they "did provide enough information to place the City on notice that they were residing at their disclosed residential address for years before the July 31, 2005 event took place." Dkt. 16 at 5. After careful review of Plaintiffs' Claim for Damages Form (Dkt. 11 at 8-24), the Court finds that Plaintiffs did not include enough information to determine the *actual place of residence* for a period of six months prior to the time their claim arose as is explicitly required by RCW 4.96.020(3). While Plaintiffs may be said to have substantially complied with the other substantive requirements of RCW 4.96.020, there does not appear to be an attempt to comply with the prior residency requirement of the statute. As a result, the Court finds *Bringham* controlling and cannot find that Plaintiffs substantially complied; therefore their claim should be dismissed.

ORDER – 4

Plaintiffs further contend that if the Court finds that they did not substantially comply with RCW 4.96.020, Defendants should be found to have waived or be estopped from asserting this defense because the City of Vancouver's pre-printed claim form did not request this information and was therefore misleading. Dkt. 16 at 3. The Court is not persuaded by this argument. Plaintiffs were represented by counsel at the time they presented their Claim for Damages Form to the City, and RCW 4.96.020 and its requirements are readily available and ascertainable to them and their attorney. "Where both parties can determine the law and have knowledge of the underlying facts, estoppel cannot lie." *Lybbert v. Grant County,* 141 Wn.2d 29, 35 (1999) (citing *Chem. Bank v Wash. Pub. Power Supply Sys.,* 102 Wn.2d 874, 905 (1984)). Plaintiffs' state law claims should be dismissed without prejudice, excluding Plaintiffs' claims for false arrest, false imprisonment, and assault, which are subject to a two-year statute of limitations which has already run and should be dismissed with prejudice. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 248-49 (2005).

### III. ORDER

Therefore, it is **ORDERED** that Defendants' Motion for Partial Summary Judgment Dismissal of Plaintiffs' State Law Claims (Dkt. 10) is hereby **GRANTED**. Plaintiff's state law claims against Defendant are hereby **DISMISSED without prejudice** excepting Plaintiffs' claims for false arrest, false imprisonment, and assault which are **DISMISSED with prejudice.**

DATED this 24th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5