UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESLEY LEROY KAMMERER and DESIRE LYNN KAMMERER,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF VANCOUVER, et al.,<br><br>Defendants. | CASE NO. C07-5509BHS<br><br>ORDER |

This matter comes before the Court on the parties' CR 37 Joint Submission Regarding Plaintiff Desire Kammerer's Waiver of Attorney-Client Privilege with Respect to Attorney McMullen (Dkt. 46) and Defendants' Motion to Seal (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the joint submission and denies Defendants' motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2007, Plaintiffs Wesley Leroy Kammerer and Desire Lynn Kammerer filed a complaint against Defendants City of Vancouver, City of Vancouver Police Department, Officer Darren McShea, and Officer John Doe Nicholson. Dkt. 1. Plaintiffs allege violations of their civil rights guaranteed by the Constitution, false arrest, false imprisonment, assault, malicious prosecution, loss of consortium, outrage,

1 | intentional infliction of emotional distress, negligent infliction of emotional distress,
2 | negligent hiring of Officers McShea and Nicholson, negligent training of Officers
3 | McShea and Nicholson, negligent supervision of Officers McShea and Nicholson, and
4 | negligent retention of Officers McShea and Nicholson. *Id.*

Plaintiffs' alleged injuries stem from Mrs. Kammerer's arrest on July 31, 2005. *See* Dkt. 1. After the arrest, Mrs. Kammerer was charged with domestic violence. *Id.* ¶ 5.69. She retained attorney Jon McMullen to represent her in the criminal proceeding. Dkt. 46 at 2.

On March 7, 2008, Plaintiffs submitted their initial disclosures. Dkt. 15. Plaintiffs listed relevant documents as follows:

    Aug. 9, 2006 Letter - Kammerer   2 pgs.
    Aug. 9, 2006 Letter - Ritchie      2 pgs.
    Aug. 8, 2006 Letter - Kolin        2 pgs.
    Aug. 15, 2006 Letter – Kolin     1 pg.

*Id.* at 2. The "Aug. 9, 2006 Letter - Kammerer" document is a letter from Mr. McMullen to Mrs. Kammerer discussing the differences between her criminal charges being dismissed with or without prejudice. *See* Dkt. 48 at 10-11.

On September 10, 2008, the parties filed a CR 37 Joint Submission Regarding Plaintiff Desire Kammerer's Waiver of Attorney-Client Privilege with Respect to Attorney McMullen (Dkt. 46), Plaintiffs filed a supplement to the joint submission (Dkt. 49), and Defendants replied to Plaintiffs' supplement (Dkt. 51). Defendants also filed the "Aug. 9, 2006 Letter - Kammerer" (Dkt. 48) under seal and a Motion to Seal that document (Dkt. 47).

## II. DISCUSSION

As a threshold matter, Defendants move to strike Plaintiffs' supplement to the joint submission as untimely. Dkt. 51. While Plaintiffs' pleading was not filed in accordance

with CR 37, the Court will consider it because Defendants will not suffer any prejudice as a result of Plaintiffs' tardiness.

Defendants move the Court for a ruling that Plaintiff Desire Kammerer has waived any privilege with attorney John McMullan. Dkt. 46 at 8-9. Under the attorney-client privilege,

> confidential communications made by a client to an attorney to obtain legal services are protected from disclosure . . . . Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purposes of encouraging full and frank disclosure by the client to his attorney.

*Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992). However, voluntary disclosure of the content of a privileged attorney communication constitutes "waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). The party resisting discovery bears the burden of establishing that the attorney-client privilege applies. *U.S. v. Austin*, 416 F.3d 1016, 1019 (9th Cir. 2005).

Defendants argue that:

> There can be no question that the conversations between Ms. Kammerer and her attorney are "reasonably calculated to lead to the discovery of admissible evidence," [Fed. R. Civ. P. 26(b)(1)], given that such may allow Defendants to determine whether Ms. Kammerer admitted to assaulting her husband, or at a minimum, concedes that her husband actually informed Officer McShea on July 31, 2005 that his wife had assaulted him, thus giving rise to probable cause.

Dkt. 46 at 4. Defendants claim that the subject matter of the "Aug. 9, 2006 Letter - Kammerer" is as follows:

> The letter details Mr. McMullen's advice to Ms. Kammerer, and his legal opinion why the dismissal of the criminal charges without prejudice would not harm Ms. Kammerer in any way. The letter also references that certain conditions requested by the prosecution "were not acceptable to us for the many valid reasons you expressed to me at the time we discussed those with you." [Dkt. 48 at 11].

Dkt. 46 at 7-8.

ORDER - 3

Plaintiffs argue that disclosure of the letter was inadvertent. Dkt. 49 at 2. Plaintiffs have failed to meet their burden with this unsupported assertion of inadvertence. *See Weil*, 647 F.2d at 25. Therefore, Mrs. Kammerer has waived any privilege as to this document.

As for the subject matter of the letter, Defendants' arguments of broad waiver are unpersuasive. Defendants are seeking the disclosure of possible confidential communications regarding trial strategy based on a letter discussing the post-trial ramifications of dismissing the charges against Mrs. Kammerer with or without prejudice. These are two different subject matters and Defendants have not provided the Court with any Ninth Circuit authority for the proposition that waiver as to one subject requires waiver as to the other. Therefore, Defendants have failed to show that Plaintiffs have waived attorney-client privilege as to communications with Mr. McMullen.

### III. ORDER

Therefore, it is hereby

**ORDERED** that CR 37 Joint Submission Regarding Plaintiff Desire Kammerer's Waiver of Attorney-Client Privilege with Respect to Attorney McMullen (Dkt. 46) is **GRANTED in part** and **DENIED in part** as stated herein. Defendants' Motion to Seal (Dkt. 47) is **DENIED**. The Clerk is directed to unseal Dkt. 48.

DATED this 16th day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge