1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          WESTERN DISTRICT OF WASHINGTON
                      AT TACOMA
10
    WESLEY LEROY KAMMERER and
11  DESIRE LYNN KAMMERER,
                                              CASE NO. C07-5509BHS
12                  Plaintiffs,

13        v.
                                              ORDER GRANTING
14  THE CITY OF VANCOUVER, et al.,            DEFENDANTS' MOTION
                                              FOR SUMMARY JUDGMENT
15                  Defendants.               AND ORDER TO SHOW
                                              CAUSE
16

17
        This matter comes before the Court on Defendants' Motion for Summary
18
    Judgment (Dkt. 57).  The Court has considered the pleadings filed in support of and in
19
    opposition to the motion and the remainder of the file and hereby grants the motion as to
20
    Plaintiffs' claims under 42 U.S.C. § 1983 for the reasons stated herein.
21
                        I.  PROCEDURAL BACKGROUND
22
        On September 24, 2007, Plaintiffs Wesley Leroy Kammerer and Desire Lynn
23
    Kammerer filed a complaint against Defendants City of Vancouver, City of Vancouver
24
    Police Department, Officer Darren McShea, and Officer John Doe Nicholson.  Dkt. 1.
25
    Plaintiffs allege violations of their civil rights guaranteed by the Constitution, false arrest,
26
    false imprisonment, assault, malicious prosecution, loss of consortium, outrage,
27
    intentional infliction of emotional distress, negligent infliction of emotional distress,
28

ORDER - 1

negligent hiring of Officers McShea and Nicholson, negligent training of Officers McShea and Nicholson, negligent supervision of Officers McShea and Nicholson, and negligent retention of Officers McShea and Nicholson. *Id*.

On August 28, 2008, Plaintiff filed an Amended Complaint. Dkt. 36. On August 29, 2008, Defendants answered and asserted counter-claims under RCW 4.24.350, actions for damages that are false, unfounded, malicious, and without probable cause. Dkt. 38 at 17.

On October 30, 2008, Defendants filed a motion for summary judgment. Dkt. 57. Plaintiffs did not respond. On November 20, 2008, Defendants replied. Dkt. 68.

## II.  FACTUAL BACKGROUND

On July 31, 2005, Plaintiffs' son, Justin Kammerer, dialed 911 from a gas station near Plaintiffs' residence. Dkt. 58, Daniel G. Lloyd ("Lloyd Decl."), Exh. 1 ("911 Transcript"). Justin told the dispatcher that he was "living in kind of an abusive household where my mom likes to hit me, both, both me and my father." *Id*. at 2. Justin also told the dispatcher that:

> My dad has been put out of the house. She took his car keys after she hit him in the face, and he just had a brain tumor removed less than three months ago. He's 70 years old. He can't be doing this.

*Id*. at 3-4. The dispatcher informed Justin that someone would meet Justin at the gas station. *Id*. at 4.

Officer McShea was dispatched to the gas station where Justin was waiting with a family friend, Wayne Crowther. Dkt. 59, Declaration of Darren McShea ("McShea Decl."), Exh A ("Police Report"). Officer McShea claims that Justin informed him that Mrs. Kammerer had struck Mr. Kammerer with a shoe earlier that day and that she had locked both Mr. Kammerer and him out of the house. *Id*. Officer McShea called for a back-up unit and then they all went to Plaintiffs' residence. *Id*.

At the residence, Officer McShea discussed Justin's accusations with Plaintiffs. Officer McShea claims that Mr. Kammerer told him that Mrs. Kammerer had hit him with

a shoe on the right wrist earlier that day. *Id*. Officer McShea recorded that he observed a

fresh bruise developing on Mr. Kammerer's right wrist. *Id*. Mrs. Kammerer confirmed

that she had hit Mr. Kammerer and that she had locked both Mr. Kammerer and Justin out

of the house "until they could get their act together." *Id*. After these discussions, Officer

McShea arrested Mrs. Kammerer. *Id*.

## III. DISCUSSION

### A. Summary Judgment

Plaintiffs assert thirteen causes of action: (1) Deprivation of Civil Rights – Liberty,

pursuant to 42 U.S.C. § 1983; (2) Deprivation of Civil Rights – Property, pursuant to 42

U.S.C. § 1983; (3) Deprivation of Civil Rights – Free Speech, pursuant to 42 U.S.C. §

1983; (4) Deprivation of Civil Rights – Due Process, pursuant to 42 U.S.C. § 1983; (5)

Malicious Prosecution; (6) Loss of Consortium; (7) Outrage; (8) Intentional Infliction of

Emotional Distress; (9) Negligent Infliction of Emotional Distress; (10) Negligent Hiring

of Officers McShea and Nicholson; (11) Negligent Training of Officers McShea and

Nicholson; (12) Negligent Supervision of Officers McShea and Nicholson; and (13)

Negligent Retention of Officers McShea and Nicholson. Dkt. 36, ¶¶ 6.1-18.3.

Defendants moved for summary judgment and requested that all of Plaintiffs' claims be

dismissed. Dkt. 57 at 20. Plaintiffs neither responded nor opposed Defendants' motion

for summary judgment.

Under the Local Rules for the Western District of Washington, "[i]f a party fails to

file papers in opposition to a motion, such failure may be considered by the court as an

admission that the motion has merit." Local Rule CR 7(b)(2). After careful review of the

motion for summary judgment, the declarations and exhibits submitted in support of

summary judgment, and the remainder of the record, the Court grants Defendants' motion

for summary judgment as to Plaintiffs' claims under 42 U.S.C. § 1983.

### 1. Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.    Plaintiffs' Federal Claims Under 42 U.S.C. § 1983**

Defendants argue that Plaintiffs' § 1983 claims are confusing at best.  Dkt. 57 at 10-11.  Defendants assert that "a plain reading of the [complaint] reveals [Plaintiffs'] belief that [Mrs. Kammerer] was wrongfully arrested and [arrested] in retaliation for exercising her free speech rights." *Id*. at 10.  Defendants conclude that Plaintiffs' claims are therefore based on the First and Fourth Amendments to the U.S. Constitution. *Id*. at 10-11.  Defendants have advanced a logical conclusion based on Plaintiffs' complaint and Plaintiffs have failed to either clarify their complaint or oppose Defendants' conclusion.  Therefore, the Court will consider Plaintiffs' federal claims to be based upon violations of the First and Fourth Amendments.

**a.    First Amendment Free Speech**

Plaintiffs' complaint suggests that Mrs. Kammerer's arrest on July 31, 2005, was in retaliation of her exercising her free speech rights. *See* Dkt. 36 ¶¶ 5.112-5.113, 8.2.  "[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006).  "To demonstrate retaliation in violation of the First Amendment, [a plaintiff] must ultimately prove first that [the officer] took action that 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)).

In this case, Plaintiffs have failed to submit admissible evidence that Officer McShea took action that would chill First Amendment activities.  Plaintiffs allege that "Defendants' conduct was in retaliation of Mrs. Kammerer's watch-dog attitude" in that "Mrs. Kammerer has a history of being a critic of local police misconduct . . . and actively reporting crimes." Dkt. 36 ¶¶ 5.112-5.113.  Plaintiffs have failed to substantiate these allegations with admissible evidence.  Plaintiffs have also failed to explain how Mrs.

Kammerer's arrest for domestic violence would chill a person of ordinary firmness from participating in First Amendment activities. Therefore, the Court grants Defendants' motion for summary judgment on Plaintiffs' First Amendment claim under 42 U.S.C. § 1983.

### b.     Fourth Amendment Unreasonable Search and Seizure

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993). Once a plaintiff shows that she was arrested without a warrant, then the burden shifts to defendant "to provide some evidence that the arresting officers had probable cause for a warrantless arrest." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 965 (9th Cir. 2001). It is undisputed that Mrs. Kammerer was arrested without a warrant. Defendants, however, contend that Officer McShea had probable cause to arrest Mrs. Kammerer. Dkt. 57 at 11-13.

"Under our traditional rule, probable cause exists when there is 'a fair probability or substantial chance of criminal activity.'" *United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004) (quoting *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir.2002)). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search." *United States v. Soriano*, 361 F.3d 494, 505 (9th Cir. 2004).

In this case, Defendants have shown that Officer McShea had probable cause to arrest Mrs. Kammerer. Plaintiffs' son called 911 to report domestic abuse and he personally told Officer McShea about the abuse. *See* 911 Transcript; McShea Decl. ¶ 2 & Ex. A at 3. Morever, Defendants have submitted admissible evidence that both Plaintiffs confirmed that Mrs. Kammerer had struck Mr. Kammerer. *See* McShea Decl. Plaintiffs have failed to either contest this evidence or submit contradictory evidence. Therefore, the Court grants Defendants' motion for summary judgment on this claim because

Plaintiffs have failed to establish material questions of fact regarding the issue of whether Officer McShea had probable cause to arrest Mrs. Kammerer.

### c. Remaining Defendants

Plaintiffs also sued the City of Vancouver and Officer Nicholson. *See* Dkt. 36. It is undisputed that Officer Nicholson did not seize either Plaintiff. Officer Nicholson claims that he was only at Plaintiffs' residence to provide back-up support for Officer McShea. Dkt. 60, Declaration of Officer Dustin Nicholson, ¶¶ 2-3. Therefore, the Court grants Defendants' motion for summary judgment to dismiss Plaintiffs' claims against Officer Nicholson.

Municipal liability under § 1983 is absent if a plaintiff fails to prove that an officer violated his or her constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Gregory v. County of Maui*, 523 F.3d 1103, 1109 (9th Cir. 2008). In this case, Plaintiffs have failed to show that either Officer McShea or Officer Nicholson violated their constitutional rights. Therefore, the Court grants Defendants' motion for summary judgment to dismiss Plaintiffs' claims against the City of Vancouver.

## B. Order to Show Cause

By this order, the Court dismisses all of Plaintiffs' claims that provided the basis for federal jurisdiction, and does not reach the merits of Defendants' motion for summary judgment on Plaintiffs' remaining claims under state law. The parties are ordered to show cause, no later than December 11, 2008, why the Court should decline to exercise jurisdiction over Plaintiffs' remaining state claims and Defendants' counterclaims and dismiss this action in its entirety.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 57) is **GRANTED** as to Plaintiffs' federal claims. The parties may show cause, if any they

have, why this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiffs' remaining state law claims and Defendants' counterclaims.

DATED this 1st day of December, 2008.


_____
BENJAMIN H. SETTLE
United States District Judge